TROY LAW, PLLC
Aaron Schweitzer (AS 6369)
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*

Case No. 20-cv-05942

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY, NEWARK DIVISION**
-----------------------------------------------------------X
MINSHOU LIN, and
HUOTAI LUO,
*on their own behalf and on behalf of others similarly situated*

                          Plaintiffs,
                          v.

FADA GROUP INC d/b/a Sogo and;
MARK HUO, and
JUN LI
                          Defendants.
-----------------------------------------------------------X

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

       Plaintiffs MINSHOU LIN, and HUOTAI LUO (hereinafter referred to as Plaintiffs), on behalf of themselves and others similarly situated, by and through their attorney, Troy Law, PLLC, hereby bring this complaint against Defendants FADA GROUP INC d/b/a Sogo and MARK HUO, and JUN LI, and allege as follows:

## INTRODUCTION

1.     This action is brought by the Plaintiffs MINSHOU LIN, and HUOTAI LUO, on behalf of themselves as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New Jersey Wage and Hour Law, NJSA § 34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in pattern and

practice of failing to pay its employees, including Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4. Plaintiffs further allege pursuant NJWHL that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) pre-judgment and post-judgment interest, and (3) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7. From on or about July 05, 2008 to March 04, 2020, Plaintiff MINSHOU LIN was employed by Defendants to work as a Fry Wok Chef and driver in Sogo located at 248 Route 46 West, Denville, NJ 07834

8. From on or about September 20, 2011 to March 04, 2020, Plaintiff HUOTAI LUO was employed by Defendants to work as a Fry Wok in Sogo located at 248 Route 46 West, Denville, NJ 07834.

## DEFENDANTS

*Corporate Defendant*

9. FADA GROUP INC d/b/a Sogo is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 248 Route 46 West, Denville, NJ 07834.

10. FADA GROUP INC d/b/a Sogo is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11. FADA GROUP INC d/b/a Sogo purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

12. MARK HUO, known as "Boss" to the Plaintiffs and Director of FADA GROUP INC a/k/a Sogo (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at FADA GROUP INC. d/b/a Sogo.

13. MARK HUO hired Plaintiff HUOTAI LUO.

14. MARK HUO supervised Plaintiffs.

15. MARK HUO paid Plaintiffs.

16. MARK HUO fired Plaintiffs.

17. MARK HUO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with FADA GROUP INC a/k/a Sogo.

18. JUN LI, a registered agent of FADA GROUP INC a/k/a Sogo (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or

conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at FADA GROUP INC. d/b/a Sogo

19.  JUN LI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with FADA GROUP INC a/k/a Sogo.

## STATEMENT OF FACTS

20.  Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

21.  At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the New Jersey minimum wage for each hour worked.

22.  At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

23.  While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

24.  Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

25.  Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

26.  At all relevant times, Defendants knowingly and willfully failed to provide

Plaintiffs and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

27. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

*Plaintiff MINSHOU LIN*

28. From July 5, 2008 to March 4, 2020, Plaintiff MINSHOU LIN was employed by Defendants to work as a Fry Wok and Driver for FADA GROUP INC d/b/a Sogo located at 248 Route Route 46 West, Denville, NJ  07834.

29. From on or about July 05, 2008 to March 4, 2020 Plaintiff MINSHOU LIN's regular work schedule ran from:

    a. 09:30 to 11:00 (drive himself and the coworkers to the workplace), work from 11:00 to 14:00 and break from 14:00 to 16:30, work from 16:30 to 21:45 (leave with coworkers from the workplace) and arrive at the drop off location at 22:30 for ten and a half (10.5) hours a day on Mondays, Tuesdays, and Thursdays for three (3) days and thirty one and a half (31.5) hours a week;

    b. 09:30 to 11:00 (drive himself and the coworkers to the workplace), work from 11:00 to 14:00 and break from 14:00 to 16:30, work from 16:30 to 22:45 (leave with coworkers from the workplace) and arrive at the drop off location at 23:30 for eleven and a half (10.5) hours a day on Fridays;

    c. 12:45 to 14:00 (drive himself and his coworkers to the workplace) and work

       from 14:00 to 22:45 (with no break), and arrive at the drop off location at 23:30 for ten and three quarter (10.75) hours on Saturday; and

    d. 13:30 to 15:00 (drive himself and his coworkers to the workplace) and work from 15:00 to 21:45 (with no break), and arrive at the drop off location at 22:30 for nine (9) hours on Saturday.

30. On top of those hours, Plaintiff MINSHOU LIN would have to help go shopping for one and half (1.50) hours a day for three (3) to four (4) times a week.

31. Thus, from July 5, 2008 to March 4, 2020 Plaintiff MINSHOU LIN has worked a total period of Sixty Seven and a Quarter (67.25) hours a week.

32. On Saturday and Sunday Plaintiff MINSHOU LIN did not have any fixed time to have his meal.

33. From July 5, 2008 to June 30, 2017 Plaintiff MINSHOU LIN used to get a flat compensation at a rate of Eight Hundred Dollars ($800) per week.

34. From July 1 2017 to December 31, 2018 Plaintiff MINSHOU LIN used to get a flat compensation at a rate of Eight Hundred Fifty Dollars ($850) a week.

35. From January 1 2019 to October 3, 2019 Plaintiff MINSHOU LIN used to get a flat compensation at a rate of Nine Hundred Dollars ($900) a week.

36. From October 4, 2019 to March 4, 2020 2019 Plaintiff MINSHOU LIN used to get a flat compensation at a rate of Nine Hundred Fifty Dollars ($950) a week.

37. From July 5, 2008 to March 4, 2020 Plaintiff MIN SOU LIN used get Two Hundred Dollars ($200) for cleaning.

38. At all revanant times Plaintiff MINSHOU LIN had to clean swear and cut vegetables.

39. At all relevant times, Plaintiff MINSHOU LIN was not paid overtime pay for overtime work.

40. Throughout his employment, MINSHOU LIN was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

### Plaintiff HUOTAI LUO

41. From on or about September 20, 2011 to March 04, 2020, Plaintiff HUOTAI LUO was employed by Defendants to work as a Fry Wok Chef in Sogo located at 248 Route Route 46 West, Denville, NJ 07834.

42. From September 20, 2011 to March 04, 2020 Plaintiff HUOTAI LUO's regualr work schedule ran from:

   a. 11:00 to 14:00 and break from 14:00 to 16:30 and again from 16:30 to 21:45 on Monday, Tuesday and Thursday for a total of eight and three quarter (8.75) hours;

   b. 11:00 to 14:00 and break from 14:00 to 16:30 and again from 16:30 to 22:45 on Friday and Saturday for a total of nine and three quarter (9.75) hours; and

   c. 15:00-21:30 on Sunday for six and half (6.50) hours a day.

43. At all relevant times, Plaintiff HUOTAI LUO had Wednesday off.

44. On top of those hours, Plaintiff HUOTAI LUO would have to help go shopping for one and half (1.50) hours a day for three (3) to four (4) times a week.

45. Thus from September 20, 2011 to March 04, 2020 Plaintiff HUOTAI LUO worked a total period of Fifty Four and a Quarter (54.25) per week.

46. On Saturday and Sunday Plaintiff HUOTAI LUO did have any fixed time to have his meal.

47. From September 20, 2011 to March 3, 2018 Plaintiff HUOTAI LUO used get a flat compensation at a rate of Eight Hundred Dollars ($800) per week.

48. From March 4, 2018 to March 3, 2019 Plaintiff HUOTAI LUO used to get a flat compensation at a rate of Eight Hundred and Fifty Dollars ($850) per week.

49. From March 4, 2019 to March 4, 2020 Plaintiff HUOTAI LUO used to get a flat compensation at a rate of Nine Hundred Dollars ($900) a week.

50. Plaintiff HUOTAI LUO used to pay partly in cash and partly in check.

51. At all relevant times, Plaintiff HUOTAI LUO was not paid overtime pay for overtime work.

52. Throughout his employment, HUOTAI LUO was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

54. Plaintiffs bring their NJWHL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case

as defined herein (the "Class Period").

55. All said persons, including Plaintiffs, are referred to herein as the "Class."

56. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

57. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

58. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant employed Plaintiffs and the Class within the meaning of the NJWHL;

    b. Whether Plaintiffs and Class members are promised and not paid at their promised hourly wage under the NJWHL;

    c. Whether Plaintiffs and Class members are entitled to and paid overtime at their promised hourly wage under the NJWHL;

     d.    Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

     e.    Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

     f.    At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

59.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

60.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

61.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where

individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

      62.    Upon information and belief, Defendants and other employers throughout the state violate the New Jersey Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint

a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

63. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

64. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

65. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

66. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

67. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

68. The FLSA and supporting regulations required employers to notify employees

of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

69. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

70. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II.
**[Violation of New Jersey Wage and Hour Law—Failure to Pay Overtime Brought on behalf of Plaintiff and Rule 23 Class]**

71. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

72. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages, and interest.

73. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one-half times the hourly rate the Plaintiffs and the class are entitled to.

74. By failing to pay Plaintiffs and the class, the Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56a *et seq.*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)  Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)  Certification of this case as a collective action pursuant to FLSA;

c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e)  An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

    f)    An award of unpaid minimum wage and overtime wages due under FLSA and NJWHL due Plaintiffs and the Collective Action members plus compensatory and liquidated damages;

    g)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

    h)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

    i)    An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 2% simple prejudgment interest provided by NJWHL, post-judgment interest, and attorney fees and costs;

    j)    The cost and disbursements of this action;

    k)    An award of prejudgment and post-judgment fees;

    l)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: Flushing, New York
May 15, 2020

        TROY LAW, PLLC

        *Attorneys for the Plaintiffs, proposed FLSA*
        *Collective and potential Rule 23 Class*

        /s/ Aaron Schweitzer
        Aaron Schweitzer
        41-25 Kissena Boulevard, Suite 103
        Flushing, NY 11355
        Tel: (718) 762-1324
        troylaw@troypllc.com