NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINSHOU LIN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> FADA GROUP INC d/b/a SOGO, *et al.*, <br><br> *Defendants*. | Civil Action No. 20-5942 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This putative collection and class action involves allegations that Defendants failed to pay Plaintiffs and similarly situated employees overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56 *et seq*. Defendants filed this motion seeking to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 11. Plaintiffs filed opposition, D.E. 12, to which Defendants replied, D.E. 13.[1] The Court reviewed all submissions made in support and in opposition to the motion, and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion is **GRANTED in part** and **DENIED in part**.

---

[1] Defendants' brief in support of its motion, D.E. 11, is referred to as "Defs. Br."; Plaintiffs' brief in opposition, D.E. 12, is referred to as "Plfs. Opp."; and Defendants' reply brief, D.E. 13, is referred to as "Defs. Reply".

I.     **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Defendant Fada Group Inc. operates a restaurant where Plaintiffs Minshou Lin and Huotai Luo were employed.[2] Compl. ¶¶ 28, 41. Plaintiffs allege that Defendants[3] knowingly failed to pay them, and similarly situated employees, overtime wages. *Id.* ¶¶ 21-22. Lin worked as a "fry wok" and driver from July 2008 until March 2020. *Id.* ¶ 28. While employed, Lin alleges that he regularly worked six days a week for approximately 67 hours a week. Lin was paid between $800 to $950 a week, plus an additional $200 "for cleaning." *Id.* ¶¶ 29-37. Plaintiff Luo worked as a "fry wok chef" from September 2011 to March 2020. *Id.* ¶ 41. Luo allegedly worked six days a week for approximately 54 hours a week. Luo was paid between $800 to $900 a week. *Id.* ¶¶ 42-49.

Plaintiffs filed their two-count Complaint, asserting overtime violations against Defendants under the FLSA (Count One) and the NJWHL (Count Two). Plaintiffs also seek to bring claims on behalf of a proposed class of similarly situated, non-exempt employees who also were not paid overtime. *Id.* ¶¶ 53-62. Defendants responded with the current motion to dismiss pursuant to Rule 12(b)(6). D.E. 11.

---

[2] All facts are drawn from Plaintiffs' Complaint. D.E. 1. The well-pleaded facts are taken as true for the purpose of deciding Defendants' motion. *See Cuevas v. Wells Fargo Bank, N.A.*, 643 F. App'x 124, 125-26 (3d Cir. 2016) (quoting *McTernan v. City of York,* 577 F.3d 521, 526 (3d Cir. 2009)) ("[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them.").

[3] Defendants include Fada; Mark Huo, director of the Fada Group and "known as 'Boss' to the Plaintiffs," Compl. ¶ 12; and Jun Li, a registered agent of Fada, *id.* ¶ 18. Both Huo and Li allegedly had the power to hire and fire employees; supervised and controlled employee work schedules; and determined employees' rates of pay. *Id.* ¶¶ 13-16, 18.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true."  *Fowler*, 578 F.3d at 210.  Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action."  *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## III. ANALYSIS

### A. Executive Employee Exemption

Defendants first seek to dismiss the claims as to Lin because of the executive employee exemption.  Defs. Br. at 6-7; 9.  The FLSA requires employers to pay overtime compensation for a non-exempt employee's work that is over forty hours per week.  29 U.S.C. § 207.  However, 29 U.S.C. § 213 provides that "any employee employed in a bona fide executive, administrative, or professional capacity" is exempt from the overtime requirement.  29 U.S.C. § 213 (a)(1).  New

Jersey also exempts employees who work "in a bona fide executive, administrative, or professional capacity." N.J. Admin. Code § 12:56-7.1. The New Jersey regulation addressing these exemptions "is modeled upon and in many instances identical to the FLSA regulation defining the 'executive' exemption." *Marx v. Friendly Ice Cream Corp.*, 882 A.2d 374, 379 (N.J. App. Div. 2005). Accordingly, under federal and state law, an executive employee is

> (1) Compensated on a "salary basis" at a rate of not less than $455 per week; (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) Who "customarily and regularly" directs the work of two or more other employees; and (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

*Soehnle v. Hess Corp.*, 399 F. App'x 749, 751 n.2 (3d Cir. 2010) (citing 29 C.F.R. § 541.100(a)(1)-(4)) (emphasis omitted). If an employee satisfies all four requirements of the regulation, he is exempt and the overtime pay requirements do not apply. *Id.* at 751.

In arguing that Lin is an executive employee, Defendants rely on allegations that do not appear in the Complaint. Namely, Defendants contend that during his employment, Lin was promoted to kitchen manager. As kitchen manager, Lin allegedly "oversaw and managed the entire kitchen staff." Defs. Br. at 7. Defendants also maintain that Lin had the authority to hire and fire employees. *Id.* In deciding a motion to dismiss, a court ordinarily considers only the factual allegations in the complaint, exhibits attached to the complaint, and matters of public record. A court may also rely on "a document integral to or explicitly relied upon in the complaint." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (emphasis omitted) (citation omitted). As discussed, Defendants' factual allegations regarding Lin's role as kitchen manager are not pled in the Complaint. Further, Defendants do not contend that they are a matter of public

4

record or that they appear in any document that is integral to or explicitly relied upon in the Complaint. Thus, the Court does not consider this information as to the motion to dismiss.

Consequently, as pled, Lin is not exempt from the FLSA or NJWHL's overtime requirements. Defendants' motion is denied on these grounds.

### B. Overtime Requirements

Next, Defendants argue that the Complaint must be dismissed because Plaintiffs fail to plead that they were not paid overtime as required by the FLSA and the NJWHL. Defs. Br. at 7-10. As discussed, "[t]he FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)). Under the FLSA, employers must pay their employees at least one and a one-half times the employer's "regular rate" of pay for each hour worked in excess of 40 hours a week. 29 U.S.C. § 207(a)(1). Employers who violate this provision are "liable to the employee or employees affected in the amount of . . . the unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

The NJWHL mirrors its federal counterpart. *Nieves v. Top Notch Granite & Marble LLC*, No. 10-1589, 2011 WL 2937352, at *3 (D.N.J. 2011) (citing *Crisostomo v. Exclusive Detailing, Inc.*, No. 08-1771, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (finding that the NJWHL is analogous to the FLSA and therefore "interpretations construing FLSA are applicable")). Indeed, the NJWHL requires employers to pay their employees at least time and a half for working more

than forty hours a week. N.J. Stat. Ann. §§ 34:11-56a; 34:11-56a4. Thus, the Court considers Plaintiff's FLSA and NJWHL claims together.[4]

Plaintiffs plead that they regularly worked more than forty hours a week. Compl. ¶¶ 29-31; 42-45. But while Plaintiffs allege that they were not paid overtime, the Complaint only establishes Plaintiffs' weekly gross pay. *Id.* ¶¶ 33-36; 47-49. Plaintiffs do not plead what their hourly rate was, and without this information, the Court cannot determine whether they were paid time and a half for the overtime hours that Plaintiffs regularly worked. Without this critical information, Plaintiffs' failure to pay overtime claims are conclusory and not plausible. Therefore, Plaintiffs fail to state a claim, and their Complaint is dismissed.[5]

### IV. CONCLUSION

For the reasons stated above, and for good cause shown, Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part**. Accordingly, Plaintiffs' Complaint is **DISMISSED** for failure to state a claim. The dismissal is without prejudice and Plaintiffs shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiffs do not file an amended pleading within that time, the Complaint will be dismissed with prejudice. An appropriate Order accompanies this opinion.

Dated: February 4, 2021

                                                                                     John Michael Vazquez, U.S.D.J.

---

[4] The Court notes that while Defendants may be liable under both statutes, Plaintiffs may only recover for their unpaid wages once. *See Nieves*, 2011 WL 2937352, at *3 ("A plaintiff, however, cannot recover under both the FLSA and NJWHL, since recovery under the NJWHL would duplicate recovery under the FLSA.").

[5] Because Plaintiffs' Complaint is dismissed on these grounds the Court will not address Defendants' remaining argument that Plaintiffs' claims are barred by the statute of limitations.