UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINSHOU LIN, et al., : | |
| : | **Civil Action No. 20-cv-5942 (JXN) (JBC)** |
| Plaintiffs, : | |
| : | |
| v. : | **OPINION** |
| : | |
| FADA GROUP INC, et al : | |
| : | |
| Defendants. : | |
| : | |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on a motion by Defendants to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 18, to which Plaintiffs filed opposition, ECF No. 19. The Court reviewed all submissions made in support and in opposition to the motion, and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' motion is **GRANTED in part** and **DENIED in part**.

**I.   FACTUAL BACKGROUND & PROCEDURAL HISTORY**[1]

On May 15, 2020, Plaintiffs Minshou Lin and Huotai Luo (collectively, Plaintiffs") initiated this action against Defendants Fada Group Inc., Mark Huo, and Jun Li (collectively "Defendants") for failing to pay Plaintiffs, and similarly situated employees, overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56 *et seq*. *See generally* Compl., ECF No. 1. Shortly

---

[1] The factual background derives from Plaintiffs' Amended Complaint. *See* Am. Compl., ECF No. 17. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

thereafter, Defendants moved to dismiss the Complaint, which the Court granted.[2]  *See* ECF No. 15.  While doing so, the Court explained that "the Court cannot determine whether [Plaintiffs] were paid time and a half for the overtime hours that [they] regularly worked" because Plaintiffs did not plead what their hourly rate was.  *Id.* at 6.  The Court held that "[w]ithout this critical information, Plaintiffs' failure to pay overtime claims are conclusory and not plausible."  *Id.*

On March 5, 2021, Plaintiffs filed an Amended Complaint reasserting that Defendants failed to pay them overtime wages in violation of the FLSA and NJWHL.  Am. Compl., ECF No. 17.  The pertinent factual allegations that Plaintiffs have asserted in support of their claims are as follows.[3]  Defendants own and operate a restaurant where Plaintiffs Minshou Lin and Huotai Luo were employed.  *Id.* ¶¶ 7-18.  Plaintiff Lin worked as a "Fry Wok Chef" and "Driver" from July 2008 until March 2020.  *Id.* ¶ 29.  While Lin was employed, Plaintiffs allege that he regularly worked six days a week for approximately 67.25 hours.  *Id.* ¶¶ 34-36.  Lin was compensated between $846 to $996 per week at a regular hourly rate of $21.15 to $24.90.  *Id.* ¶¶ 44-47; 54-57.  Plaintiff Luo worked as a "Fry Wok Chef" from September 2011 to March 2020.  *Id.* ¶ 65.  Luo allegedly worked six days a week for approximately 54.25 hours.  *Id.* ¶ 69.  Lou was compensated between $800 to $900 per week at a regular hourly rate of $20 to $22.50.  *Id.* ¶¶ 71-73; 81-83.

Plaintiffs allege that Defendants[4] knowingly and willfully failed to pay them, and similarly situated employees, overtime compensation of one and one-half times their regular rate of pay for

---

[2] The Honorable John Michael Vazquez, U.S.D.J., rendered the February 4, 2021 Opinion of the Court.  The matter was subsequently transferred to the Undersigned, ECF No. 20.

[3] The Court takes its recitation of facts from Plaintiffs' Amended Complaint, ECF No. 17, which are taken as true for the purposes of the current motion.  *See Vasquez v. Spain Inn, Inc.*, No. 19-cv-452, 2019 WL 5258197, at *1 (D.N.J. Oct. 17, 2019) (citing *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012)).

[4] Defendants include Fada Group Inc.; Mark Huo, director of the Fada Group Inc., and "known as 'Boss' to the Plaintiffs," Am. Compl. ¶ 12; and Jun Li, a registered agent of Fada, *id.* ¶ 18.  According to Plaintiffs, Mark Huo and Jun Li had the power to hire and fire employees; supervised

all hours worked over forty (40) in a given workweek. *Id.* ¶¶ 21-22. In support of this claim, Plaintiffs allege the following:

> 24. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.
>
> 25. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.
>
> 26. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with notices of their rights under New Jersey's wage and hour laws that included an explanation of how to file a claim or take action to vindicate their rights, in violation of N.J.S.A. § 34:11-58.3.
>
> 27. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.
>
> 28. Defendants' conduct is willful because Defendants knew that they were under the FLSA and their conduct was prohibited by the FLSA.

*Id.* ¶¶ 24-28.

Plaintiffs' two-count Amended Complaint asserts overtime violations against Defendants under the FLSA (Count One) and the NJWHL (Count Two). Plaintiffs also seek to bring claims on behalf of a proposed class of similarly situated, non-exempt employees who also were not paid overtime. *Id.* ¶¶ 91-100. Defendants responded with the current motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defs.' Br., ECF No. 18.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face.

---

and controlled employee work schedules; determined employees' rates of pay; and maintained employee records. *Id.* ¶¶ 12, 18.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.  Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, Civ. No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

**III.   DISCUSSION**

Defendants argue, in part, that Plaintiffs cannot state a plausible FLSA overtime claim because Plaintiffs "weekly salary was significantly above the mandated $586.48 per week." Defs.' Br. at 10-11.[5]  The FLSA requires employers to pay overtime compensation for a non-exempt employee's work that exceeds forty hours per week. *Buchspies v. Pfizer, Inc.*, No. 18-cv-16083, 2019 WL 5078853, at *2 (D.N.J. Oct. 10, 2019) (citing 29 U.S.C. § 207).  The NJWHL mirrors its federal counterpart and "judicial interpretations construing the FLSA are applicable."

---

[5] For sake of clarity, the Court cites to the page number listed in the ECF header.

*Crisostomo v. Exclusive Detailing, Inc.*, No. 08-cv-1771, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010). Thus, the Court considers Counts One and Two together.[6]

To recover overtime compensation under the FLSA, "an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)). To state a plausible FLSA claim, "a plaintiff must sufficiently allege forty hours of work in a *given* workweek *as well as* some uncompensated time in excess of the forty hours." *Id.* at 242 (emphasis in original) (internal punctuation omitted) (quoting *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). In adopting this standard, the Third Circuit rejected a stricter approach taken by some courts that requires a plaintiff to allege the number of overtime hours worked. *Id.* at 241. Thus, at the motion to dismiss stage, "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice." *Id.* at 243.

Here, Plaintiffs allege that Plaintiff Lin regularly worked 67.25 hours a week from July 2008 until March 2020. *See* Am. Compl. ¶ 36. Plaintiffs further allege that Plaintiff Lou regularly worked 54.25 hours a week from September 2011 until March 2020. *Id.* ¶ 69.[7] Throughout their employment with Defendants, Plaintiff Lin was compensated between $846 to $996 per week at a

---

[6] The Court notes that while Defendants may be liable under both statutes, Plaintiffs may only recover for their unpaid wages once. *See Nieves v. Top Notch Granite & Marble LLC*, 2011 WL 2937352, at *3 (D.N.J. 2011) ("A plaintiff, however, cannot recover under both the FLSA and NJWHL, since recovery under the NJWHL would duplicate recovery under the FLSA.").

[7] The Amended Complaint further provides a detailed breakdown of the approximate number of hours Plaintiffs worked on each day of the week. *See* Am. Compl. ¶¶ 34, 66.

5

regular hourly rate of $21.15 to $24.90. *Id.* ¶¶ 44-47; 54-57. Plaintiff Lou was compensated between $800 to $900 per week at a regular hourly rate of $20 to $22.50. *Id*. ¶¶ 71-73; 81-83. The Amended Complaint further provides that Plaintiffs were "not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek." *Id.* ¶¶ 49, 76. Plaintiffs Amended Complaint sufficiently pleads that Plaintiffs (1) regularly worked forty hours a week, (2) regularly worked "extra hours" during a forty-hour week, and (3) were not properly compensated for the "extra hours" worked during one or more of the forty-hour work weeks. *See Abington Mem'l Hosp.*, 765 F.3d 24. Courts in this district have consistently held that these allegations alone are sufficient to satisfy the pleading requirements set forth in *Abington Memorial Hospital*. *See Buchspies*, 2019 WL 5078853, at *3; *see also DeCamillis v. Educ. Info. & Res. Ctr.,* No. 18-cv-11576 (NLH)(JS), 2019 WL 3521959, at *3 (D.N.J. Aug. 2, 2019).

Moreover, in dismissing Plaintiffs' initial Complaint, the Court explained that "the Court cannot determine whether [Plaintiffs] were paid time and a half for the overtime hours that [they] regularly worked" because Plaintiffs did not plead what their hourly rate was. ECF No. 15 at 6. To cure the pleading deficiency highlighted by the Court, Plaintiffs allege in the Amended Complaint that throughout the relevant period, Plaintiff Lin was compensated at a regular hourly rate of $21.15 to $24.90, Am. Compl. ¶¶ 54-57, and Plaintiff Lou was compensated at a regular hourly rate of $20 to $22.50, *id*. ¶¶ 81-83. Thus, Plaintiffs have sufficiently pleaded their claim against Defendants for violating the FLSA.[8] Accordingly, Defendants' motion to dismiss must be denied on this issue.

---

[8] Because the NJWHL mirrors its federal counterpart (FLSA), Plaintiffs have sufficiently pleaded their claim for Defendants' violation of the NJWHL. *See Qu Wang v. Fu Leen Meng Restaurant Limited Liability Company*, 2018 WL 1027446, at *3 (D.N.J. 2018) (citing *Nieves v. Top Notch Granite & Marble LLC*, 2011 WL 2937352, at *3 (D.N.J. 2011); *Crisostomo v. Exclusive*

Defendants argue that "[w]hile Plaintiffs allege that they worked in excess of 40 hours per week throughout their employment, Plaintiffs cannot prove that said time was uncompensated." Defs.' Br., ECF No. 18 at 9.  While Defendants' contention may be true, Plaintiffs are not required to prove their claims at the motion to dismiss stage of the litigation.  To survive Defendants' motion to dismiss, Plaintiffs are only required to plead sufficient factual matter to state a claim that is plausible on its face.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Defendants also maintain that Plaintiffs' FLSA claims that accrued before May 15, 2018 are time barred and must be dismissed.  Defs.' Br. at 14.  In response, Plaintiffs contend that their FLSA claims extend back three years to May 15, 2017 because the FLSA violation committed by Defendants were willful.  Pls.' Opp'n at 11, ECF No. 19.  If there is no finding of willfulness, then a claim for unpaid overtime compensation under the FLSA must be "commenced within two years after the cause of action accrued." 29 U.S.C. § 255(a).  If an employer willfully violates the FLSA, however, it "extends the FLSA's limitations period from two years to three, bringing another year of lost pay within the scope of the worker's claim." *Buchspies*, 2019 WL 5078853, at *4 n.5 (citing 29 U.S.C. § 255(a)).  An employer "willfully" violates the FLSA when it "either 'knew' its conduct was prohibited by the FLSA or 'showed reckless disregard for the matter.'" *Souryavong v. Lackawanna County*, 872 F.3d 122, 126 (3d Cir. 2017) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).  At the motion to dismiss stage, "it is insufficient to merely assert that the employer's conduct was willful; the Court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation." *Ochoa v. Pearson Educ., Inc.*, No. 11-cv-1382, 2012 WL 95340, at *3 (D.N.J. Jan. 12, 2012) (quoting *Mell*

---

*Detailing, Inc.*, 2010 WL 2640183, at *5 (D.N.J. June 28, 2010) (finding that the NJWHL is analogous to the FLSA and therefore "interpretations construing FLSA are applicable")).

*v. GNC Corp.*, No. 10-945, 2010 WL 4668966, at *9 (W.D. Pa. Nov. 9, 2010)). An employer's awareness of possible violations of the FLSA, together with an "indifference toward the requirements imposed" by the statute supports a finding of willfulness. *Garcia v. Tenafly Gourmet Farms, Inc.*, No. 11-cv-6828 (SRC), 2012 WL 715316, at *2 (D.N.J. Mar. 5, 2012) (citing *Antoine v. KPMG Corp.*, 2010 WL 147928 (D.N.J. Jan. 6, 2010) (quoting *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296 (3d Cir. 1991)).

In the instant matter, Plaintiffs have pleaded sufficient facts to support the reasonable inference that the FLSA violations allegedly committed by the Defendants were willful. Plaintiffs allege:

> 24. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.
>
> 25. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.
>
> 26. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with notices of their rights under New Jersey's wage and hour laws that included an explanation of how to file a claim or take action to vindicate their rights, in violation of N.J.S.A. § 34:11-58.3.
>
> 27. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.
>
> 28. Defendants' conduct is willful because Defendants knew that they were under the FLSA and their conduct was prohibited by the FLSA.

Am. Compl. ¶¶ 24-28. Accepting Plaintiffs' allegations as true, these allegations set forth a facially plausible claim that Defendants were at least aware of possible violations of the relevant overtime and record-keeping provisions of the FLSA. Accordingly, the three-year statute of limitations is applicable to Plaintiffs' FLSA claims.

Plaintiffs filed their Complaint on May 15, 2020, Compl. ECF No. 1. As a result, Plaintiffs cannot recover any overtime wages pursuant to the FLSA that Defendants failed to pay before

May 15, 2017 because these claims are time barred.[9]  Accordingly, Plaintiffs' FLSA claims prior to May 15, 2017, are dismissed.

Finally, Defendants contend that Plaintiffs' claims brought under the NJWHL must be filed within six years of the date of accrual.  Defs.' Br. at 15.  The NJWHL provides that "[n]o claim for unpaid minimum wages, unpaid overtime compensation . . . or other damages under this act shall be valid with respect to any such claim which has arisen more than six years prior to the commencement of an action for the recovery thereof."  N.J.S.A. § 34:11-56a25.1.  Plaintiffs' do not dispute that any claim for overtime pay prior to May 15, 2014 is time barred.  Pls.' Opp'n at 12-13.  As a result, Plaintiffs cannot recover any overtime wages pursuant to the NJWHL that Defendants failed to pay before May 15, 2014, because these claims are time barred.  Accordingly, Plaintiffs' NJWHL claims prior to May 15, 2014, are dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Defendants' motions to dismiss [ECF No. 18] is **GRANTED in part** and **DENIED in part**.  An appropriate Order accompanies this Opinion.

DATED: October 25, 2021

s/ Julien Xavier Neals
Julien Xavier Neals
United States District Judge

---

[9] Generally, the statute of limitations is not an appropriate basis for a Rule 12(b)(6) dismissal. *See Vasquez*, 2019 WL 5258197, at *4 n.7.  But there is an exception when, as here, "the plaintiff's tardiness in bringing the action [is] apparent from the face of the complaint."  *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 105 n.13 (3d Cir. 2010) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 & n.3 (3d Cir. 2002)).